IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **REALTIME DATA, LLC d/b/a/ IXO,** § § **Plaintiff,** § § **v.** § § **THOMPSON REUTERS CORP., ET AL.,** § § **Defendants.** § | Civil No. 6:09-cv-333-LED-JDL JURY TRIAL DEMANDED |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Thomson Reuters Corporation, Bloomberg L.P., FactSet Research Systems Inc., Interactive Data Corporation, Penson Worldwide, Inc., and Nexa Technologies, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Doc. No. 32) ("Motion"). Plaintiff Realtime Data, LLC ("Realtime") has filed a Response (Doc. No. 52) ("Response"). Defendants have also filed a Reply (Doc. No. 58) ("Reply") in support of the Motion. Having fully considered the parties' arguments, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED in part**.

### BACKGROUND AND THE PARTIES' CONTENTIONS

On July 23, 2009, Plaintiff filed the instant action against six defendants for allegedly infringing four patents: U.S. Patent Nos. 6,624,761 ("the '761 patent"); 7,161,506 ("the '506 patent"); 7,400,274 ("the '274 patent"); and 7,417,568 ("the '568 patent") (Doc. No. 1) ("Complaint"). The '761 and '506 patents claim systems and methods for content dependent data compression, COMPLAINT at 4, and the '274 and '568 patents claim systems and methods for data

1

feed acceleration and encryption. *Id*. Realtime attached these patents to its Complaint.

The instant Motion surrounds allegations set forth in the First Amended Complaint (Doc. No. 4) ("Am. Complaint"). Specifically, Defendants assert that Realtime fails to comport with the pleading requirements of Fed. R. Civ. P. 8(a)(2), as defined in the recent Supreme Court decisions in *Twombly* and *Iqbal*. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Defendants argue that Realtime's Complaint "provides no details at all concerning the types of 'data compression products and/or services' that Plaintiff is targeting." MOTION at 10. Instead of alleging sufficient facts to support a plausible claim for relief, Defendants contend that Realtime's Complaint relies upon generalities and does not allow Defendants to identify the acts of infringement that are being alleged against them. *Id*. at 1–3.

In its substantive paragraph in the Amended Complaint regarding infringement, Realtime alleges direct and indirect (inducement and/or contributory) infringement of the patents-in-suit[1]:

> Defendants have been and are now directing infringing and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent].

AM. COMPLAINT at 5–8, ¶¶ 19, 23, 28, & 33.  In sum, Defendants argue that while they are not seeking early Patent Rule 3-1 disclosures, Realtime's infringement and willfulness claims lack the factual specificity required under Rule 8 and Realtime should be required to sufficiently identify which products and/or services from each Defendant allegedly infringe its patents.

Realtime responds that by filing a Complaint that alleges the infringement of "data compression products and services," it has complied with Form 18 of the Federal Rules. In relying

---

[1] The same language is used as to all four patents.

on Form 18 to accuse a group of Defendants of infringing specific patents in the United States, Realtime maintains that it meets the pleading requirements of Rule 8(a)(2). RESPONSE at 3–4. Realtime further points out that the patent form pleading has already been evaluated under *Twombly* and the Federal Circuit affirmed that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims in the asserted patent" in the pleadings. *Id*. at 6 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Realtime concludes that patent cases are unique because the claims of the asserted patent identify the apparatus, method, or system that forms the basis of infringement, and based on the provided disclosures (infringement allegations plus copies of the asserted patents), Defendants are on notice of Realtime's allegations. RESPONSE at 7–8.

## LEGAL STANDARD

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal*, 501 F.3d at 1355–56. "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Twombly*, 550 U.S at 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Iqbal*, 129 S. Ct. at 1949–50, 1953 (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).

"Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

(Caption—See Form 1.)

1. (Statement of Jurisdiction—See Form 7.)
2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:
(a) a preliminary and final injunction against the continuing infringement;
(b) an accounting for damages; and
(c) interest and costs.

(Date and sign—See Form 2.)

FED. R. CIV. P. FORM 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the form).[2]

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid, which

---

[2] The Forms accompanying the Federal Rules were updated in 2007. At the time of the Federal Circuit's ruling in *McZeal*, the patent infringement pleading form was numbered "Form 16". Today, the same form is numbered "Form 18."

cannot be done by judicial action. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84. The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

In addition to litigating this suit, Realtime is currently litigating two related actions in this district that allege infringement of the same four Realtime patents.[3] A review of the Original and

---

[3] *Realtime Data, LLC D/B/A IXO v. Morgan Stanley, et al.*, No. 6:09-cv-326-LED-JDL ("the "Morgan Stanley action") and *Realtime Data, LLC D/B/A IXO v. CME Group Inc., et al.*, No. 6:09-cv-327-LED-JDL ("the CME Group action").

Amended Complaints in these cases reveals that Realtime filed substantially identical allegations in all three actions.

The Court contemporaneously issues a full Opinion analyzing the sufficiency of Realtime's pleadings in the Morgan Stanley action (Doc. No. 168) ("the Court's Findings as to the Pleadings") (granting Defendants' Motion to Dismiss for Failure to State a Claim but further granting Realtime an opportunity to amend its allegations of direct, indirect, and willful infringement to comply with the Federal Rules). Given the identical nature of the Amended Complaint in the two actions and the substantial similarity between Defendants' contentions in both Motions to Dismiss, the Court **ADOPTS** the Findings as to the Pleadings in the Morgan Stanley action and **ORDERS** that the same relief be granted in this case.

## CONCLUSION

For the reasons stated in the Morgan Stanley action, the Court **RECOMMENDS** that the Motion to Dismiss (Doc. No. 32) be **GRANTED in part**. Realtime is further **GRANTED** leave to amend its allegations of direct, indirect, and willful infringement by **May 17, 2010** in accordance with the Federal Rules and the guidance set forth in the Court's Findings as to the Pleadings in the Morgan Stanley action. (Civil Action No. 6:09-cv-326, Doc. No. 168).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions

accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 7th day of May, 2010.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE