**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:09-cv-333-LED |
| | § | |
| THOMSON REUTERS CORPORATION, | § | |
| BLOOMBERG, L.P., FACTSET | § | |
| RESEARCH SYSTEMS INC., | § | |
| INTERACTIVE DATA CORPORATION, | § | |
| and PENSON WORLDWIDE, INC. | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Realtime Data, LLC ("Realtime Data") files this Second Amended Complaint of

patent infringement and states as follows:

**THE PARTIES**

1.      Plaintiff Realtime Data, doing business as IXO, is a limited liability company

organized and existing under the laws of the State of New York with places of business at 15

West 36th Street, New York, New York and 1828 ESE Loop 323, Suite 302, Tyler, Texas.

Realtime Data is a developer of software and hardware based data compression products, ranging

from data compression cards to rack-mounted storage servers.  Realtime Data has worked with

some of the largest technology companies in the world involved with the development of market

data compression solutions.

2.      Upon information and belief, Defendant Thomson Reuters Corporation,

(hereinafter, "Thomson Reuters") is a corporation organized and existing under the laws of

Canada with a principal place of business at 3 Times Square, New York, New York.  Thomson Reuters is registered to do business in the State of Texas and has one or more locations within Texas.  Thomson Reuters makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include Thomson Reuters electronic trading and market data receipt and delivery systems, including but not limited to Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.  Thomson Reuters is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas.

3.    Upon information and belief, Defendant Bloomberg, L.P. (hereinafter, "Bloomberg") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 731 Lexington Avenue, New York, New York.  Bloomberg is registered to do business in the State of Texas and has one or more locations within Texas.

2

Bloomberg makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include Thomson Reuters electronic trading and market data receipt and delivery systems, including but not limited to Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.  Bloomberg is qualified to do business in the State of Texas and may be served via its registered agent The Prentice-Hall Corporation, 701 Brazos Street, Suite 1050, Austin, Texas.

4.     Upon information and belief, Defendant FactSet Research Systems Inc. (hereinafter, "FactSet") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 601 Merritt 7, Norwalk, Connecticut.  FactSet is registered to do business in the State of Texas and has one or more locations within Texas. FactSet makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include FactSet

3

electronic trading and market data receipt and delivery systems, including but not limited to FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.  FactSet is qualified to do business in the State of Texas and may be served via its registered agent Brian P. Long, 111 Congress Avenue, 4th Floor, Austin, Texas.

     5.      Upon information and belief, Defendant Interactive Data Corporation (hereinafter, "IDCO") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 32 Crosby Drive, Bedford, Massachusetts.  IDCO is registered to do business in the State of Texas.  IDCO makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include IDCO electronic trading and market data receipt and delivery systems, including but not limited to PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock

4

Exchange.  IDCO is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

6.      Upon information and belief, Defendant Penson Worldwide, Inc. (hereinafter, "Penson") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1700 Pacific Ave., Suite 1400, Dallas, Texas.  Penson is registered to do business in the State of Texas and has one or more locations within Texas.  Penson makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  Penson is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 1700 Pacific Avenue, Suite 1400, Dallas, Texas.

7.      Upon information and belief, Defendant Nexa Technologies, Inc. (hereinafter, "Nexa") is a subsidiary of defendant Penson.  Nexa is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 8 Pasteur, Suite 100, Irvine, California.  Nexa has one or more locations within the Eastern District of Texas.  Nexa makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

8.      Upon information and belief, Penson and Nexa financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data. These products and services communicate with financial exchanges and other financial data sources, including the American Stock Exchange, International Stock Exchange,

Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

9.      Thomson Reuters, Bloomberg, FactSet, IDCO, Penson, and Nexa are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

10.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq*.  This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over each of the Defendants.  The Defendants have conducted and do conduct business within the State of Texas.  The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

12.     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

13.     U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to Plaintiff Realtime Data on September 23, 2003.  A true and correct copy of the '761 Patent is attached as Exhibit A.

14.     U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to Plaintiff Realtime Data on January 9, 2007.  A true and correct copy of the '506 Patent is attached as Exhibit B.

Dallas 301799v1

15.     U.S. Patent No. 7,400,274 ("the '274 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on July 15, 2008.  A true and correct copy of the '274 Patent is attached as Exhibit C.

16.     U.S. Patent No. 7,417,568 ("the '568 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on August 26, 2008.  A true and correct copy of the '568 Patent is attached as Exhibit D.

17.     Plaintiff Realtime Data is the owner of the '761, '506, '274, and '568 patents (collectively, "Patents-in-Suit") with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the '761, '506, '274, and '568 patents with respect to the Defendants.

18.     On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more data compression products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

**<u>COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,624,761</u>**

19.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-18, above.

20.     Defendants have been and are now directly infringing the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '761 Patent. Defendants have been and are now indirectly infringing the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

7

21.     Defendant Thomson Reuters has been and is now directly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.

22.     Defendant Thomson Reuters has been and is now indirectly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Thomson Reuters' electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

23.     Defendant Bloomberg has been and is now directly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading

8

and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Bloomberg Professional Service (Bloomberg Terminal), BPipe, Bloomberg EMS, and Bloomberg Anywhere.

24.     Defendant Bloomberg has been and is now indirectly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Bloomberg's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange.

25.     Defendant FactSet has been and is now directly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading.

26.     Defendant FactSet has been and is now indirectly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant FactSet's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to,

9

American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

27.     Defendant IDCO has been and is now directly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook.

28.     Defendant IDCO has been and is now indirectly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant IDCO's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

29.     Defendants Penson and Nexa have been and are now directly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic

Dallas 301799v1

trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data.

30.     Defendants Penson and Nexa have been and are now indirectly infringing claims 1-3 and 7 of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendants Penson and Nexa's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

31.     Realtime Data has at all times complied with 35 U.S.C. § 287.

32.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '761 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,161,506

33.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-32, above.

34.     Defendants have been and are now directly infringing the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '506 Patent. Defendants have been and are now indirectly infringing the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

35.     Defendant Thomson Reuters has been and is now directly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.

36.     Defendant Thomson Reuters has been and is now indirectly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Thomson Reuters' electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago

Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

37.     Defendant Bloomberg has been and is now directly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Bloomberg Professional Service (Bloomberg Terminal), BPipe, Bloomberg EMS, and Bloomberg Anywhere.

38.     Defendant Bloomberg has been and is now indirectly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Bloomberg's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange.

39.     Defendant FactSet has been and is now directly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial

13

data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading.

40.     Defendant FactSet has been and is now indirectly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant FactSet's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

41.     Defendant IDCO has been and is now directly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook.

42.     Defendant IDCO has been and is now indirectly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35

U.S.C. § 271. Each of defendant IDCO's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

43.     Defendants Penson and Nexa have been and are now directly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data.

44.     Defendants Penson and Nexa have been and are now indirectly infringing claims 1-5, 9, 11, 17, 21-23, 69, 72-73, 79, and 81 of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendants Penson and Nexa's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

45.     Realtime Data has at all times complied with 35 U.S.C. § 287.

46.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '506 Patent, and will continue to be harmed unless and until Defendants' acts

of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

47.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,400,274

48.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-47, above.

49.     Defendants have been and are now directly infringing the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '274 Patent. Defendants have been and are now indirectly infringing the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

50.     Defendant Thomson Reuters has been and is now directly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data

16

Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.

51.     Defendant Thomson Reuters has been and is now indirectly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Thomson Reuters' electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

52.     Defendant Bloomberg has been and is now directly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Bloomberg Professional Service (Bloomberg Terminal), BPipe, Bloomberg EMS, and Bloomberg Anywhere.

53.     Defendant Bloomberg has been and is now indirectly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Bloomberg's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International

17

Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange.

54.     Defendant FactSet has been and is now directly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading.

55.     Defendant FactSet has been and is now indirectly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant FactSet's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

56.     Defendant IDCO has been and is now directly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus,

Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook.

57.     Defendant IDCO has been and is now indirectly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant IDCO's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

58.     Defendants Penson and Nexa have been and are now directly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data.

59.     Defendants Penson and Nexa have been and are now indirectly infringing claims 11-30 of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendants Penson and Nexa's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options

Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

60.     Realtime Data has at all times complied with 35 U.S.C. § 287.

61.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '274 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

62.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT 7,417,568

63.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-62, above.

64.     Defendants have been and are now directly infringing the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '568 Patent. Defendants have been and are now indirectly infringing the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

65.     Defendant Thomson Reuters has been and is now directly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data,

including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Reuters Trading for Exchanges (RTEx), AutEx, Reuters Order Routing for Equities, Reuters Station, Reuters Trader, Thomson ONE, TradeWeb, Reuters Plus, Reuters 3000 Xtra, Thomson Reuters Data Feeds, Thomson Reuters Data Feeds Plus, Reuters Market Data System, Reuters Wire Format, Reuters Foundation API, Reuters Data Feed Direct, Reuters Tick Capture Engine, Gissing FASTtunnel, Gissing FAST Output Handler, Gissing FAST Feed Handler, and Gissing FAST Feed Gateway.

66.     Defendant Thomson Reuters has been and is now indirectly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Thomson Reuters' electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Board of Trade of the City of Chicago, International Securities Exchange, New York Stock Exchange, Boston Options Exchange, Chicago Board Options Exchange, and NASDAQ.

67.     Defendant Bloomberg has been and is now directly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include Bloomberg Professional Service (Bloomberg Terminal), BPipe, Bloomberg EMS, and Bloomberg Anywhere.

68.     Defendant Bloomberg has been and is now indirectly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant Bloomberg's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, International Securities Exchange, Options Price Reporting Authority, Deutsche Boerse (Eurex, Xetra, and Xetra International Markets), Russian Trading System, Shanghai Stock Exchange, Swiss Stock Exchange, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, and New York Stock Exchange.

69.     Defendant FactSet has been and is now directly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include FactSet Global Prices, Exchange DataFeed, and FactSet Sales & Trading.

70.     Defendant FactSet has been and is now indirectly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant FactSet's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to, American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange,

Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

71.     Defendant IDCO has been and is now directly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example infringing electronic trading and market data receipt and delivery systems include PlusFeed, PlusFeed Select, PlusFeed VPN, PlusTick, DirectPlus, Options Analytics, 360View, IDSI, FutureSource Workstation, eSignal Pro, Market-Q, DATAFEED, EXSHARE, Finstat, OSIDS, Basket Calculation Service, FTS, Options Volatility Service, and PlusBook.

72.     Defendant IDCO has been and is now indirectly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendant IDCO's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

73.     Defendants Penson and Nexa have been and are now directly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems. Example

23

infringing electronic trading and market data receipt and delivery systems include Nexa HyTS, Omnipro, Radiuspro, Axispro, Fastpath, Meridian, and Tick Data.

74.     Defendants Penson and Nexa have been and are now indirectly infringing claims 1-5, 13-16, 25-33, 39-40, and 46-51 of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendants Penson and Nexa's electronic trading and market data receipt and delivery systems indirectly infringes by actively inducing financial institutions to compress financial data, including but not limited to American Stock Exchange, International Stock Exchange, Chicago Mercantile Exchange, Options Price Reporting Authority, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

75.     Realtime Data has at all times complied with 35 U.S.C. § 287.

76.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '568 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

77.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

78.     WHEREFORE, Realtime Data requests a judgment:

A.     That Realtime Data is the owner of all right, title and interest in and to United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, together with all rights of recovery under such patents for past and future infringements thereof;

24

B.      That Defendants have infringed United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568;

C.      That United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 are valid and enforceable in law;

D.      Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 including an assessment of pre-judgment and post-judgment interest and costs;

E.      Entering a permanent injunction against Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression-based data acceleration products;

F.      That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

H.      Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

79.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: May 17, 2010                    Respectfully submitted,

                                      **MCKOOL SMITH, P.C.**

                                      _____/s/ Sam Baxter_____

                                      Sam Baxter
                                      Texas State Bar No. 01938000
                                      sbaxter@mckoolsmith.com
                                      104 East Houston, Suite 300
                                      Marshall, Texas 75670
                                      Telephone:  (903) 923-9000
                                      Facsimile: (903) 923-9099

                                      Robert A. Cote
                                      rcote@mckoolsmith.com
                                      Brett E. Cooper
                                      bcooper@mckoolsmith.com
                                      John C. Briody
                                      jbriody@mckoolsmith.com
                                      Benjamin J. Warlick
                                      bwarlick@mckoolsmith.com
                                      One Bryant Park, 47th Floor
                                      New York, New York 10036
                                      Telephone: (212) 402-9400
                                      Facsimile: (212) 402-9444

                                      Laurie L. Fitzgerald
                                      Texas State Bar No. 2403239
                                      lfitzgerald@mckoolsmith.com
                                      John M. Shumaker
                                      Texas State Bar No. 24033069
                                      jshumaker@mckoolsmith.com
                                      300 W. 6th Street, Suite 1700
                                      Austin, Texas 78701
                                      Telephone: (512) 692-8736
                                      Facsimile: (512) 692-8744

                                      **ATTORNEYS FOR PLAINTIFF**
                                      **REALTIME DATA LLC D/B/A/ IXO**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served on the defense counsel by e-mail on May 17, 2010.

/s/ Sam Baxter
Sam Baxter
