## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:09-cv-333-LED |
| | § | |
| THOMSON REUTERS CORPORATION, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| REALTIME DATA, LLC D/B/A/ IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:10-cv-247-LED |
| | § | |
| THOMSON REUTERS CORPORATION, et al. (II), | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| Defendants. | § | **CONSOLIDATED** |
| | § | |

## ANSWER OF REALTIME DATA LLC TO INTERACTIVE DATA CORPORATION'S COUNTERCLAIMS (DKT. NO. 160 IN '333 ACTION)

Pursuant to the Federal Rules of Civil Procedure Rule 8, Plaintiff Realtime Data, LLC ("Realtime Data"), by and through its undersigned counsel hereby replies to Defendant and Counter-Plaintiff Interactive Data Corporation's ("IDC") counterclaims filed on June 24, 2010 in Defendant Interactive Data Corporation's Answer and Counterclaims in Response to Realtime Data, LLC's  Second Amended Complaint for Patent Infringement ("Counterclaims").

## COUNTERCLAIMS

## THE PARTIES

1.     Upon information and belief, Realtime Data admits the averments of Paragraph 90.

2.     Realtime Data admits that it is a limited liability company organized and existing under the laws of the State of New York with places of business at 15 West 36th Street, New York, New York and 1828 ESE Loop 323, Suite 302, Tyler Texas.  Except as so admitted, Realtime Data denies the averments of Paragraph 91 of the Counterclaims.

## NATURE OF THE COUNTERCLAIMS

3.     Realtime Data admits that IDC purports that its counterclaims are for a declaratory judgment that it does not infringe the Patents-in-Suit and that the Patents-in-suit are invalid.  Except as so admitted, Realtime Data denies the averments of Paragraph 92 of the Counterclaims.

4.     Realtime Data admits the averments of Paragraph 93.

5.     Paragraph 94 is a conclusion of law that does not require a response.  To the extent a response is required Realtime Data denies the averments of Paragraph 94 of the Counterclaims.

## JURISDICTION

6.     Realtime Data admits that this Court has subject matter jurisdiction over the counterclaims.  Except as so admitted, Realtime Data denies the averments of Paragraph 95 of the Counterclaims.

7.     Realtime Data admits that this Court has personal jurisdiction over Realtime Data. Except as so admitted, Realtime Data denies the averments of Paragraph 96 of the Counterclaims.

8.     Realtime Data admits that venue is proper in this judicial district.  Except as so admitted, Realtime Data denies the averments of Paragraph 97 of the Counterclaims.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

9.       Realtime Data repeats its responses to Defendant and Counterclaim-Plaintiff's allegations set forth in Paragraphs 90 through 97 of the Counterclaims, as set forth in Paragraphs 1 through 8 of this Answer. Realtime Data also denies the averments in Paragraphs 78-89.

10.       Realtime Data denies the averments of Paragraph 99.

11.       Realtime Data admits that defendant/counterclaimant seeks a declaratory judgment that it does not infringe any claim of the Patents-in-Suit, either directly or indirectly. Except as so admitted, Realtime Data denies the averments of Paragraph 100 of the Counterclaims.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

12.        Realtime Data repeats its responses to Defendant and Counterclaim-Plaintiff's allegations set forth in Paragraphs 90 through 100 of the Counterclaims, as set forth in Paragraphs 1 through 11 of this Answer. Realtime Data also denies the averments in Paragraphs 78-89.

13.       Realtime Data denies the averments of Paragraph 102.

14.       Realtime Data admits that defendant/counterclaimant seeks a declaratory judgment that the Patents-in-Suit are invalid.  Except as so admitted, Realtime Data denies the averments of Paragraph 103 of the Counterclaims.

## THIRD COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability of the '761 Patent)

3

15.     Realtime Data repeats its responses to Defendant and Counterclaim-Plaintiff's allegations set forth in Paragraphs 90 through 103 of the Counterclaims, as set forth in Paragraphs 1 through 14 of this Answer. Realtime Data also denies the averments in Paragraphs 78-89.

16.     Realtime Data admits that the '506 Patent states that it is a continuation of the application that led to the '761 Patent.  Except as so admitted, Realtime Data denies the averments of Paragraph 105 of the Counterclaims.

17.     Realtime Data admits that 37 C.F.R. § 1.56(c) states: "Individuals associated with the filing or prosecution of a patent application within the meaning of this section are: (1) Each inventor named in the application; (2) Each attorney or agent who prepares or prosecutes the application; and (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application." Except as so admitted, Realtime Data denies the averments of Paragraph 106 of the Counterclaims.

18.     Realtime Data admits that Frank V. DeRosa was an attorney of record in the prosecution of the applications leading to the '761 and '812 patents. Realtime Data also admits that Frank V. DeRosa was aware of the proceedings that took place during such prosecution. Realtime Data admits that Mr. James J. Fallon was the first named inventor on the applications leading to those patents and was aware of the proceedings that took place during the prosecution of those applications. Except as so admitted, Realtime Data denies the averments of Paragraph 107 of the Counterclaims.

19.     Realtime Data admits that a Notice of References Cited issued during the prosecution of the '812 patent application lists "Franaszek et al." (U.S. Patent No. 5,870,036),

along with four other references. Realtime Data also admits that the '812 patent issued on July 22, 2003 and that the application leading to the '761 patent ("the '355 Application") was filed on October 29, 2001 and issued as the '761 patent on September 23, 2003. Except as so admitted, Realtime Data denies the averments of Paragraph 108 of the Counterclaims.

20.     Realtime Data denies the averments of Paragraph 109 of the Counterclaims.

21.     Realtime Data denies the averments of Paragraph 110 of the Counterclaims.

22.     Realtime Data admits that an International Patent Application, PCT/US00/42018 published as WO02/39591 was filed on November 9, 2000 and named James J. Fallon as Inventor and Frank V. DeRosa as Agent.  Realtime Data also admits that on July 31, 2001 an International Search Report was issued in connection with the '591 PCT application and cited WO97/48212 and European Patent Nos. 0405572 and 0493130 relevant to claims 1 and 2 of the '591 PCT Application.  Except as so admitted, Realtime Data denies the averments of Paragraph 111 of the Counterclaims.

23.     Realtime Data admits that the '591 PCT Application was deemed withdrawn as of July 6, 2003.  Realtime Data also admits that Application 10/016,355 was filed on October 29, 2001 and issued as the '761 patent on September 23, 2003.  Except as so admitted, Realtime Data denies the averments of Paragraph 112 of the Counterclaims.

24.     Realtime Data admits that in a document dated July 24, 2009 the PTO stated: "Accordingly, Kari raises a substantial new question of patentability as to claims 17 and 21, which question has not been decided in a previous examination of the '761 Patent." Except as so admitted, Realtime Data denies the averments of Paragraph 113 of the Counterclaims.

25.     Realtime Data denies the averments of Paragraph 114 of the Counterclaims.

26.     Paragraph 115 of the counterclaim contains legal argument which does not require a response, to the extent a response is necessary Realtime Data denies the averments of Paragraph 115 of the Counterclaims.

27.     Realtime Data denies the averments of Paragraph 116 of the Counterclaims.

## FOURTH COUNTERCLAIM

### (For Declaratory Judgment of Unenforceability of the '506 Patent)

28.     Realtime Data repeats its responses to Defendant and Counterclaim-Plaintiff's allegations set forth in Paragraphs 90 through 116 of the Counterclaims, as set forth in Paragraphs 1 through 27 of this Answer. Realtime Data also denies the averments in Paragraphs 78-89.

29.     Realtime Data denies the averments of Paragraph 118 of the Counterclaims.

30.     Realtime Data admits that 37 C.F.R. § 1.56(c) states: "Individuals associated with the filing or prosecution of a patent application within the meaning of this section are: (1) Each inventor named in the application; (2) Each attorney or agent who prepares or prosecutes the application; and (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application." Except as so admitted, Realtime Data denies the averments of Paragraph 119 of the Counterclaims.

31.     Realtime Data admits that it is the assignee of both the '867 and '992 Patents. Except as so admitted, Realtime Data denies the averments of Paragraph 120 of the Counterclaims.

6

32.     Realtime Data admits that Jeffrey D. Mullen was listed as an agent of record in the prosecution of the applications leading to the '506, '867 and '992 Patents. Except as so admitted, Realtime Data denies the averments of Paragraph 121 of the Counterclaims.

33.     Realtime Data admits that an Information Disclosure Statements dated November 9, 2006, was filed during the prosecution of both the '867 and '992 patents applications and listed "Carmichael et al." (U.S. Patent No. 6,308,311) and "Muthujumaraswathy et al." (U.S. Patent No. 6,810,434) among other references. Realtime Data also admits that the '768 Application was filed on September 22, 2003 and issued as the '506 patent on January 9, 2007. Except as so admitted, Realtime Data denies the averments of Paragraph 122 of the Counterclaims.

34.     Realtime Data denies the averments of Paragraph 123 of the Counterclaims.

35.     Paragraph 124 of the counterclaim contains legal argument which does not require a response, to the extent a response is necessary Realtime Data denies the averments of Paragraph 124 of the Counterclaims.

36.     Realtime Data denies the averments of Paragraph 125 of the Counterclaims.

## **PRAYER FOR RELIEF**

37.     WHEREFORE, Realtime Data petitions this Court and requests that a judgment be entered and that relief be granted as follows::

A.     A declaration that each of its Patents is valid, enforceable and infringed by the Defendant and Counterclaim-Plaintiff;

B.     A judgment dismissing with prejudice Defendant and Counterclaim-Plaintiff's Counterclaims and every Prayer for Relief contained therein;

C.     An award to Realtime Data its costs and attorneys' fees; and

7

D.     An award to Realtime Data such other and further relief as this Court may deem just and proper.

Date: July 19, 2010                          Respectfully submitted,

                                             **MCKOOL SMITH, P.C.**

                                                 /s/ Sam Baxter

                                             Sam Baxter
                                             Texas State Bar No. 01938000
                                             sbaxter@mckoolsmith.com
                                             104 East Houston, Suite 300
                                             Marshall, Texas 75670
                                             Telephone:  (903) 923-9000
                                             Facsimile: (903) 923-9099

                                             Robert A. Cote
                                             rcote@mckoolsmith.com
                                             Brett E. Cooper
                                             bcooper@mckoolsmith.com
                                             John C. Briody
                                             jbriody@mckoolsmith.com
                                             Benjamin J. Warlick
                                             bwarlick@mckoolsmith.com
                                             One Bryant Park, 47th Floor
                                             New York, New York 10036
                                             Telephone: (212) 402-9400
                                             Facsimile: (212) 402-9444

                                             Laurie L. Fitzgerald
                                             Texas State Bar No. 2403239
                                             lfitzgerald@mckoolsmith.com
                                             John M. Shumaker
                                             Texas State Bar No. 24033069
                                             jshumaker@mckoolsmith.com
                                             300 W. 6th Street, Suite 1700
                                             Austin, Texas 78701
                                             Telephone: (512) 692-8736
                                             Facsimile: (512) 692-8744

                                             **ATTORNEYS FOR PLAINTIFF
                                             REALTIME DATA LLC D/B/A/ IXO**

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby ceritifies that on July 19, 2010 a copy of the foregoing answer was served electronically, via CM/ECF, on all counsel of record below who are deemed to have consented to such service under the Court's local rules.

 /s/ Sam Baxter
Sam Baxter

9

Dallas 305652v2